IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

        Plaintiff,                    No. CIV S-08-1231 DAD P

    vs.

SOLANO COUNTY SHERIFF'S DEPARTMENT, et al.,

        Defendants.             ORDER

_____/

        Plaintiff, an inmate at the Solano County Jail, is proceeding pro se. Plaintiff seeks relief pursuant to the Americans with Disabilities Act (ADA) and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application; however, the application is incomplete because plaintiff did not attach a certified copy of his inmate trust account statement for the six-month period immediately preceding the filing of the complaint in this action. See 28 U.S.C. § 1915(a)(2). Plaintiff will be granted thirty days to submit a certified copy of his inmate trust account statement for the relevant six-month period.

/////

1

1  The court is required to screen complaints brought by prisoners and inmates
2  seeking relief against a governmental entity or an officer or employee of a governmental entity.
3  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the inmate
4  has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which
5  relief may be granted, or that seek monetary relief from a defendant who is immune from such
6  relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

7  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.

14 A claim should be dismissed for failure to state a claim upon which relief may be
15 granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the
16 claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing
17 Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651
18 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must
19 accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,
20 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable
21 to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.
22 411, 421 (1969).

23 Plaintiff's complaint, in its entirety, alleges the following:  "Solano County
24 courthouse holding cells do not comply with ADA Guidelines.  The cells are against the law.
25 They talk about a new jail which has been voted against."  (Compl. at 5.)
26 /////

1    The brief allegation in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  Plaintiff has not provided information as to his disability, the time period during which he was denied proper accommodations or services, how the holding cells to not comply with the ADA, and whether any accommodations were provided.  In addition, plaintiff is advised that individual defendants are not properly named as parties in an ADA action such as this.  See Stringer v. White, No. C-07-5516 SI, 2008 WL 344215, at *6 (N.D. Cal. Feb. 6, 2008) (holding that under Title II of the ADA, the proper defendant is an entity and that there is no individual liability); Brignac v. Kimzey, No. CIV S-07-0624 GEB DAD P, 2007 WL 4249809, at *2 ("Individuals cannot be sued directly under the ADA or RA.") (citing Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1988) and Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002)).  Therefore, the court will dismiss the complaint and grant leave to file an amended complaint.

     Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

     On July 31, 2008, plaintiff filed a motion for the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

3

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of service of this order, a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint.

2. Plaintiff's complaint (Doc. No. 1) is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

4. Plaintiff's failure to file an amended complaint or inmate trust account statement in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. Plaintiff's July 31, 2008 motion to appoint counsel (Doc. No. 7) is denied.

DATED: August 25, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
seef1231.14

4

|     |     |
| --- | --- |
| 1   |     |
| 2   |     |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

    Plaintiff,    No. CIV S-08-1231 DAD

    vs.

SOLANO COUNTY SHERIFF'S
DEPARTMENT, et al.,    <u>NOTICE OF SUBMISSION</u>

    Defendants.    <u>OF DOCUMENT</u>
_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    ____ certified trust account statement for the six-month period preceding the filing of this action.

DATED: _____.

                                                     Plaintiff