IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

      Plaintiff,                        No. CIV S-08-1231 DAD P

    vs.

SOLANO COUNTY SHERIFF'S DEP'T, et al.,

      Defendants.                 <u>ORDER</u>

_____/

        Plaintiff, an inmate at the Solano County Jail, is proceeding pro se with an Americans with Disabilities Act (ADA) action. On August 26, 2008, the court ordered plaintiff to provide a certified copy of his inmate trust account statement. In addition, the court dismissed plaintiff's complaint and granted plaintiff leave to file an amended complaint within thirty days. On September 17, 2008, plaintiff filed a document styled, "Motion: Medical postpone." In his motion, plaintiff requests that this action be postponed indefinitely until after his brain surgery and recovery. Plaintiff indicates that he has not been informed when his surgery will be scheduled.

        The Federal Rules of Civil Procedure do not provide for an indefinite postponement of an action. Therefore, the court will construe plaintiff's motion as a request for

an extension of time, and the court will grant an extension of thirty days for plaintiff to file his trust account statement and amended complaint. Plaintiff is cautioned that Rule 41(b) provides for the involuntary dismissal of an action when a party fails to prosecute an action, and such dismissal may be with prejudice. Plaintiff is also advised that he may request a voluntary dismissal of his action. A voluntary dismissal is without prejudice which would allow plaintiff to commence a new action at a later date.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 17, 2008 request for postponement of this action (Doc. No. 9), is denied;

2. Within thirty days from the service of this order, plaintiff shall filed his trust account statement and amended complaint as ordered by the court on August 26, 2008; and

3. Plaintiff's failure to comply with this order shall result in the dismissal of this action without prejudice.

DATED: October 7, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
see1231.eot9

---

[1] Plaintiff is cautioned, however, that courts have applied California's two-year personal injury statute of limitations as well as the tolling provision of California Civil Procedure Code § 352.1 to ADA actions commenced in California. See Murphy v. Cambra, No. 1:01-cv-06532-OWW-NEW (DLB) PC, 2007 WL 1176197, at *5 (E.D. Cal. April 20, 2007).